24-3007-cv
Mills Pond Grp., LLC v. Town of Smithtown

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-five.

PRESENT:  RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
MYRNA PÉREZ,
*Circuit Judges*.

------------------------------------------------------------------

MILLS POND GROUP, LLC, XYZ, INC., WENDY SORRO, MARY GIORDANO, SALVATORE GIORDANO, GEORGE POWERS, PATRICIA F. PELLETIER, GRACE PATANE, JOHN DOE AND JANE DOE 9-97, NOS. 9 THROUGH 97,

*Plaintiffs-Appellants*,

v.                                                                    No. 24-3007-cv

TOWN OF SMITHTOWN, NY, EDWARD R. WEHRHEIM, AS TOWN SUPERVISOR AND A

MEMBER OF THE TOWN BOARD
OF THE TOWN OF SMITHTOWN,
THOMAS J. MCCARTHY, LYNNE
C. NOWICK, LISA M. INZERILLO,
THOMAS W. LOHMANN, AS
MEMBERS OF THE TOWN BOARD
OF THE TOWN OF SMITHTOWN,
PETER A. HANS, AS PLANNING
DIRECTOR OF THE TOWN OF
SMITHTOWN, MATTHEW V.
JAKUBOWSKI, AS TOWN
ATTORNEY OF THE TOWN OF
SMITHTOWN, DAVID A. BARNES,
AS DIRECTOR OF THE
DEPARTMENT OF
ENVIRONMENT AND
WATERWAYS OF THE TOWN OF
SMITHTOWN,

*Defendants-Appellees.*

-----------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | David N. Altman, Brown, Altman & DiLeo, LLP, Melville, NY |
| FOR APPELLEES: | Brian D. Ginsberg, Brian S. Stolar, Harris Beach Murtha Cullina PLLC, White Plains, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's judgment is AFFIRMED.

Appellants Mills Pond Group LLC ("Mills Pond"), a real estate development company, and several putative future residents of an assisted living facility that Mills Pond seeks to build, appeal from an October 17, 2024 judgment of the United States District Court for the Eastern District of New York (Brown, *J.*) dismissing as unripe and for lack of standing their action against the Town of Smithtown (the "Town") and various Town officials.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On November 18, 2022, Mills Pond submitted a Special Exception application to the Town seeking approval to build an assisted living facility on a tract of land in a district zoned for residential use.  While Mills Pond's application was pending, the Town Board passed an amendment to the Town Code that prevented landowners from using the Town's Special Exception procedure to build assisted living facilities in residential areas.  On January 5, 2024, Mills Pond requested that the Town Board consider its application under the prior version of the Town Code.  When Mills Pond did not receive a

3

response, it filed this action on March 13, 2024, on behalf of itself and several putative future residents of the planned assisted living facility, alleging violations of the Fair Housing Act, the Americans with Disabilities Act, the Equal Protection Clause, the Due Process Clause, and various provisions of New York law. The District Court dismissed the Appellants' federal claims as unripe and for lack of standing and declined to exercise supplemental jurisdiction over the Appellants' state law claims. The Appellants timely appealed. Because we agree with the District Court that the Appellants' claims are unripe, we need not address standing. *See BMG Monroe I, LLC v. Village of Monroe*, 93 F.4th 595, 600 (2d Cir. 2024).[1]

We review a district court's ripeness determination *de novo*. *See Village Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287, 293 (2d Cir. 2022). Because a plaintiff bears the burden of demonstrating ripeness, we presume that a case is not ripe "unless the contrary appears affirmatively from the record." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) (quotation marks omitted).

---

[1] Although we need not address standing, the District Court may wish to reconsider its standing analysis—for example, in connection with claims brought under the FHA and the ADA. *See, e.g.*, *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 600 (2d Cir. 2016) ("Standing under the Fair Housing Act is as broad as Article III permits.").

In the context of land disputes, we resort to a ripeness doctrine known as the "final-decision requirement." *Village Green at Sayville, LLC*, 43 F.4th at 294 (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985), *overruled in part by Knick v. Township of Scott*, 588 U.S. 180 (2019)). Under this doctrine, a landowner must meet the "'high burden' of proving that we can look to a final, definitive position" from the municipality regarding the proposed use of the land before we will consider the matter ripe for federal judicial review. *Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 121 (2d Cir. 2014) (quotation marks omitted). In practice, this means that "ripeness is conditioned on [the] property owner submitting at least one meaningful application for a variance." *BMG Monroe I, LLC*, 93 F.4th at 601 (cleaned up). "[O]nly if a property owner has exhausted the variance process will a court know precisely how a regulation will be applied to a particular parcel." *Murphy*, 402 F.3d at 348. A landowner must apply for a variance before coming to federal court even where, as here, her plans for her property were

5

stymied by an intervening change in local law.  *See Williamson Cnty.*, 473 U.S. at 178–79, 186.[2]

The Appellants concede that they did not apply for a variance with the Town's Zoning Board of Appeals.  They argue instead that they should be exempt from this requirement because an application for a variance would be futile.  We disagree.  For all their frustrations with the Town Board, the Appellants point to nothing to show that the Zoning Board of Appeals—a body separate from the Town Board that is responsible for granting or denying variances, *see* Smithtown, N.Y. Code § 322-80—has "dug in its heels and made clear that all such applications will be denied."  *Sunrise Detox V, LLC*, 769 F.3d at 124 (quotation marks omitted).  Even crediting the Appellants' contention that the Town is hostile to Mills Pond's project, "mere doubt that a variance application would be granted is insufficient to establish futility."  *BMG Monroe I*, 93 F.4th at 603 (cleaned up); *see Sunrise Detox V, LLC*, 769 F.3d at 120, 124 (finding "no basis in the record to apply the futility exception" despite "public opposition").

---

[2] The final-decision requirement is applicable to all four of the Appellants' federal claims.  *See Village Green at Sayville, LLC*, 43 F.4th at 294 (Fair Housing Act, Due Process, and Equal Protection); *Sunrise Detox V, LLC*, 769 F.3d at 119 (Americans with Disabilities Act).

Nor can we conclude that the change in local law relieves Mills Pond from the requirement that it at a minimum pursue a variance. We have recognized that "through the variance process local zoning authorities function as flexible institutions; what they take with the one hand they may give back with the other." *Murphy*, 402 F.3d at 353 (quotation marks omitted). And while we have determined that litigants are exempt from the final-decision requirement in the rare instance that a town enacts "repeated zoning changes" in a manner that is "so unreasonable, duplicative, or unjust as to make [its] conduct farcical," *Sherman v. Town of Chester*, 752 F.3d 554, 562–63 (2d Cir. 2014), that is not the case here. Instead, we conclude that Mills Pond's "own failure to submit at least one meaningful application for a variance" after the Town's change in law "prevents us from determining" whether the pursuit of local avenues of relief would be futile. *See Sunrise Detox V, LLC*, 769 F.3d at 124 (cleaned up). The Appellants have thus not established that this land use dispute is ripe for adjudication.

We have considered the Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court